**SIMPLEX WIRE AND CABLE CO.**

v.

**LOCAL 2208 OF the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, and John T. O'Connell, and Russell K. Allen, and Everett E. Parshley, and Vincent P. Farley.**

Civ. A. No. 3158.

United States District Court,

D. New Hampshire.

June 24, 1970.

Michael R. Brown, Boston, Mass., George L. Manias, Cleveland, Waters & Bass, Concord, N. H., for plaintiff.

Nathan S. Paven, Mason & Paven, Boston, Mass., for defendants.

## MEMORANDUM OPINION

BOWNES, District Judge.

Jurisdiction is in this court under section 301(a) of the Labor Management Relations Act.[1]

The plaintiff Company's motion to remand is denied.

The plaintiff Company's motion in the alternative to compel arbitration and enjoin continuation of the strike is denied.

A collective bargaining agreement is in effect between the Simplex Wire and Cable Company (the Company) and Local 2208 of the International Brotherhood of Electrical Workers Union which represents all production, maintenance, and traffic employees. Ex. 1. On June 15, 1970, a unit of quality control employees, for whom the International Brotherhood of Electrical Workers had been certified by the NLRB as bargaining agent in late 1969, went on strike as a result of an impasse in their negotiations with the Company as to a collective bargaining agreement. The quality control employees had never been members of Local 2208 and were specifically excluded from the coverage of the contract under which this action was brought. Ex. 1, Par. 1.1. Pursuant to this strike, the quality control employees set up a picket line which most, if not all, members of Local 2208 have refused to cross resulting in a virtual standstill of the Company's production.

Paragraph 18.1 of the collective bargaining agreement between the Company and Local 2208 provides:

> The Union agrees that it will not cause or sanction a strike or work stoppage and the Company agrees that it will not engage in a lockout because

1. "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (1964).

of any disputes *over matters relating to this Agreement.* The Union further agrees that it will take prompt action to urge any or all employees engaged in a strike or work stoppage *in violation of this Agreement* to return to work. There shall be no responsibility on the part of the Union, its officers, representatives, or affiliates for any strike or other interruptions of work *unless specifically provided for in this Agreement.* (Emphasis added.)

This Court need go no further than Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (U.S. June 1, 1970). That case controls and sets forth the principles which this Court must follow in determining whether or not to grant injunctive relief. Quoting from the dissent in Sinclair Refining Company v. Atkinson, 370 U.S. 195, 228, 82 S.Ct. 1328, 1346, 8 L.Ed.2d 440 (1962), the Court stated:

When a strike is sought to be enjoined because it is over a grievance which both parties are contractually bound to arbitrate, the District Court may issue no injunctive order until it first holds that the contract *does* have that effect; * * * (Emphasis in original.)

Under the facts of this case, this Court cannot hold that this contract does have that effect. The Court in *Boys Markets* was careful to point out:

In the present case there is no dispute that the grievance in question was subject to adjustment and arbitration under the collective bargaining agreement * * *. 90 S.Ct. at 1594.

In the instant case, there is no grievance within the terms of the contract between Local 2208 and the Company. There is nothing in the collective bargaining agreement even remotely suggesting that Local 2208 has any obligations relative to the picket lines of other bargaining units. Thus, there is no dispute subject to arbitration under the *collective bargaining agreement,* and no injunctive order may be issued.

So ordered.