AMSTAR CORPORATION, Plaintiff-Appellee,

v.

AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL–CIO, et al., Defendants-Appellants.

No. 72–1576.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1972.

Ernest L. Jones, Hilliard Fazande, II, New Orleans, La., Irving M. King, Eugene Cotton, Chicago, Ill., for defendants-appellants.

David L. McComb, New Orleans, La., Andrew M. Kramer, Anthony Crement, Chicago, Ill., for plaintiff-appellee.

Before DYER, SIMPSON and MORGAN, Circuit Judges.

DYER, Circuit Judge:

■ The pivotal question presented by this appeal is whether a district court may issue a *Boys Markets*[1] injunction when the legality of the strike sought to be enjoined is the alleged arbitrable dispute. Recognizing that under the

1. Boys Markets, Inc. v. Retail Clerks Union, Local 770, 1970, 398 U.S. 235, 90 S.Ct. 1583, 21 L.Ed.2d 199.

doctrine of *Boys Markets* an injunction is permissible only if the underlying dispute "over" which the strike has been called is arbitrable,[2] we reverse.

Amstar Corp. and the Amalgamated Meatcutters and Butcher Workmen of North America, and its Local No. P–1101 (jointly referred to as the Union) are parties to a collective bargaining contract, effective until February 1973, governing the terms and conditions of employment of some 560 employees at Amstar's Chalmette refinery in Arabi, Louisiana. Local unions affiliated with the International Longshoremen's Association (ILA) represent employees at Amstar's refineries in Brooklyn, Philadelphia, and Boston. In early January 1972 following expiration of their collective bargaining contracts, the Amstar employees in these three cities went on strike. Presumably in furtherance of its economic dispute with Amstar at these refineries, the ILA stationed pickets around the Chalmette refinery on the morning of January 10. Having been advised of their rights by the Union, the majority of the Chalmette employees refused to cross the ILA picket line and remained away from work.

Amstar filed suit, alleging that the work stoppage was in violation of the no-strike clause contained in the collective bargaining agreement with the Union, that the company was willing to settle the question of the scope of the no-strike clause through the contractual grievance-arbitration procedure, and that the company would suffer irreparable injury if the work stoppage continued. After an evidentiary hearing, the district court, 337 F.Supp. 810, issued an injunction, ordering the Union to direct its members employed at the Chalmette refinery to return to work immediately and compelling the parties to submit the question of the validity of the strike to arbitration. This appeal by the Union followed.

■ In attempting to accommodate "[t]he literal terms of § 4 of the Norris-LaGuardia Act . . . to the subsequently enacted provisions of § 301(a) of the Labor Management Relations Act and the purposes of arbitration,"[3] the Supreme Court in *Boys Markets* established three prerequisites to jurisdiction in a federal district court to enjoin a strike: (1) the strike must be in breach of a no-strike obligation under an effective collective agreement, (2) the strike must be "over" an arbitrable grievance, and (3) both parties must be contractually bound to arbitrate the underlying grievance which caused the strike.

■■ The case *sub judice* is entirely outside the scope of the exception to the Norris-LaGuardia Act delineated in *Boys Markets*. *See* Parade Publications, Inc. v. Philadelphia Mailers Union, Local 14, 3 Cir. 1972, 459 F.2d 369; General Cable Corp. v. IBEW, Local 1644, D.Md. 1971, 331 F.Supp. 478; Simplex Wire and Cable Co. v. IBEW, Local 2208, D. N.H.1970, 314 F.Supp. 885. The strike by the Chalmette employees was not "over a grievance" which the parties were contractually bound to arbitrate. Rather, the strike itself precipitated the dispute—the validity under the Union's no-strike obligation of the member-employees honoring the ILA picket line. Were we to hold that the legality of the very strike sought to be enjoined in the present situation constituted a sufficiently arbitrable underlying dispute for a *Boys Markets* injunction to issue, it is difficult to conceive of any strike which could not be so enjoined. The *Boys Markets* holding was a "narrow one," not intended to undermine the vitality of the anti-injunction provision of

---

2. " 'When a strike is sought to be enjoined because it is over a grievance which both parties are contractually bound to arbitrate, the District Court may issue no injunctive order until it first holds that the contract *does* have that effect . . . . ' " *Id.* at 254, quoting Sinclair

Refining Co. v. Atkinson, 1962, 370 U.S. 195, 228, 82 S.Ct. 1328, 1346, 8 L.Ed.2d 440 (Brennan, J., dissenting) (emphasis in original).

3. 398 U.S. at 250, 90 S.Ct. at 1592.

the Norris-LaGuardia Act.[4] Indeed, the Supreme Court specifically stated that is decision did not mean "that injunctive relief is appropriate as a matter of course in every case of a strike over an arbitrable grievance."[5] This appeal is such a case. The district court was without jurisdiction to enter the injunction. The judgment is

Reversed.

4.  § 4, 29 U.S.C.A. § 104; *see* 398 U.S. at 253, 90 S.Ct. 1583.

5.  398 U.S. at 253–254, 90 S.Ct. at 1594.