**NARRAGANSETT IMPROVEMENT CO.**

v.

**LOCAL UNION NO. 251.**

**Civ. A. No. 74–89.**

United States District Court,
D. Rhode Island.

June 25, 1974.

As Amended May 5, 1975.

---

**648**

Patrick A. Liguori, of Adler, Pollock & Sheehan, Inc., Providence, R. I., for plaintiff.

Dennis J. Roberts, II, of Roberts & Willey, Inc., Providence, R. I., for defendant.

## MEMORANDUM

PETTINE, Chief Judge.

Plaintiff herein asks the Court to enjoin a strike and picketing, arising out of a matter which was submitted to arbitration and which award of the arbitrator was confirmed by this Court in C.A. No. 5372. The parties have stipulated to the relevant facts as follows:

1. This is an action for damages and a temporary restraining order, preliminary injunction, and permanent injunction to restrain and enjoin the allegedly unlawful strike and picketing of, and interference of ingress to and egress from, Plaintiff's places of business engaged in by Defendant.

2. This Court has jurisdiction of this matter under Section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. § 185).

3. Plaintiff is a Rhode Island corporation, having an office in the city and county of Providence, State of Rhode Island and is engaged in construction work on a continuing basis at various locations within the State of Rhode Island, and is an employer in an industry affecting commerce within the meaning of Section 301.

4. Defendant is an unincorporated association, having an office and place of business in the City of East Providence, County of Providence, State of Rhode Island, and is a labor organization within the meaning of Section 301 and represents employees in an industry affecting commerce. Defendant is the authorized bargaining representative for certain employees of Plaintiff.

5. For a number of years, Plaintiff and Defendant have regularly entered into collective bargaining agreements covering terms and conditions of employment for employees represented by Defendant. A copy of the current agreement, which became effective May 1, 1973, is attached hereto and incorporated herein by reference as Exhibit "A" [omitted].

6. Article XIX of said agreement provides for the arbitration of all disputes between the parties, and on October 11, 1973, pursuant to the provisions of said Article XIX, a dispute between the parties was heard before Arbitrator John J. Hall. Said dispute involved the discharge of employee Welcome Holbrook, represented by Defendant.

7. On October 24, 1973, Arbitrator Hall issued a decision and award in the matter, in favor of Defendant, finding that the evidence presented in arbitration did not justify the discharge of Holbrook and ordering Holbrook's reinstatement, reimbursement for lost wages and restoration of benefits lost from October 15, 1973.

8. Thereafter, on or about November 21, 1973, Defendant commenced an action in this Court in Local Union No. 251, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Narragansett Improvement Company, C.A.No. 5372, applying for confirmation of said arbitration award.

9. On or about November 27, 1973, Plaintiff answered Defendant's application for confirmation by denying the material allegations thereof and affirmatively defending on the ground that the arbitration award was illegal and invalid, and further filed a counter-application for vacation of the arbitration award.

10. On March 15, 1973, this Court issued a memorandum opinion in civil action No. 5372, ordering that the arbitration award be confirmed, and on March 22, 1974, judgment entered confirming the arbitration award which directed, on the basis of a finding that the discharge of Holbrook by the company was not 'for just cause, that the discharge be changed to a disciplinary layoff and that Holbrook be reinstated as of October 15, 1973, and also that he be reimbursed for all wages lost since October 15, 1973, and that all benefits be reinstated as of that time. The order whereby judgment was entered by this Court also directed that Plaintiff's counter-application for vacation of the arbitration award be dismissed.

11. On Monday, April 15, 1974, Defendant commenced, and caused Plaintiff's employees to engage in a strike against Plaintiff, and further commenced and caused employees of Plaintiff and other members of Defendant to engage in picketing of Plaintiff at its principal place of business and asphalt manufacturing plant located in Providence, Rhode Island, and at the following construction job sites within and without the State of Rhode Island: Leesona Corporation, Warwick, Rhode Island; Village Plaza, Woonsocket, Rhode Island; Goat Island Bridge, Newport, Rhode Island; Flink Company, Seekonk, Massachusetts; and Seekonk Skating Rink, Seekonk, Massachusetts.

12. Said strike and picketing by Defendant commenced and continued until April 25, 1974, following entry by this Court of a temporary restraining Order on April 24, 1974 as a result of Defendant's contention that Plaintiff has not complied with the arbitration award, and for the purpose of forcing or requiring Plaintiff to comply with said arbitration award, and claims that its actions are justified on the basis of Section (d) of Article XIX of the collective bargaining agreement providing for arbitration, which states as follows:

"In the event that the losing party fails to abide by the arbitrator's decision, or that either party refuses to submit to his jurisdiction, the other party shall have the right to immediately take all legal and economic recourse."

13. Since the entry of judgment by this Court in civil action No. 5372 on March 22, 1974, the parties have met on numerous occasions in an attempt to resolve the meaning of the following language in the arbitrator's award:

"The arbitrator finds that the discharge of Welcome Holbrook by the Company on August 21, 1973, was not for just cause. He directs that

this discharge be changed to a disciplinary lay-off and that Welcome Holbrook be reinstated as of October 13, 1973. The arbitrator also directs that he be reimbursed for all wages lost since October 15, and that all benefits reinstated as of that time."

The parties are in agreement that the amount of "all wages lost since October 15, and . . . all benefits . . . as of that time" is presently and also on April 15, 1974 was, an arbitrable issue.

14. (a) On April 19, 1974, Defendant filed a motion in civil action No. 5372, for a determination of damages in connection with said judgment.

(b) On April 17, 1974, Plaintiff duly filed a notice of appeal from the judgment in civil action No. 5372, to the United States Court of Appeals for the First Circuit.

(c) On April 19, 1972, Plaintiff moved this Court in civil action No. 5372 for a stay pending its appeal to the United States Court of Appeals for the First Circuit, which stay was granted by order of this Court.

15. Had Welcome Holbrook been reinstated as of October 15, 1973, he would have been employed from October 15, 1973 until December 29, 1973 at which date he would have been laid off. Holbrook would have continually remained on lay-off status to this date. An employee on lay-off status is entitled to re-employment in the order of his seniority for one year following such lay-off.

16. By its amended complaint, the Plaintiff alleged that the Defendant's conduct caused it to sustain irreparable injury, loss and damages and that neither Defendant nor any of its members will realize any injury or loss as the result of granting an injunction. The Defendant denies such allegations, but admits for purposes of this agreed statement of facts that the Plaintiff did sustain and would continue to sustain economic loss by virtue of a work stoppage which the Defenadnt contends is lawful under its contract with the Plaintiff.

17. On April 22, 1974, Plaintiff caused a telegram to be sent to Defendant, a copy of which was received in evidence as Plaintiff's Exhibit 1 at the hearing before this Court on Plaintiff's petition for a temporary restraining order, and is incorporated herein by reference as Exhibit B [omitted]. The parties are in agreement that the disputes set forth therein currently exist and did exist on April 15, 1974.

In light of the remand of the Welcome Holbrook dispute to the arbitrator filed this same day in C.A. 5372, and the stay of this Court's judgment in C.A. 5372 confirming the arbitrator's award pending appeal, I must find that the matter in controversy is still in arbitration pursuant to a collective bargaining contract which contains a mandatory arbitration procedure, and is the type of strike enjoinable under the holding of Boys Markets, Inc. v. Retail Clerks, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L. Ed.2d 199 (1970). This is so even though the collective bargaining agreement does not contain a no strike clause. See Teamsters Local 174 v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed. 2d 593 (1962); Barnes and Tucker Co. v. United Mine Workers of America, 338 F.Supp. 924 (W.D.Pa.1972).

Defendant argues that a *Boys Markets* injunction is not available to plaintiff in that the collective bargaining agreement does not contain an express "no strike" clause and that no such clause may be implied from the agreement, since defendant specifically reserved its right to take "all economic recourse", if "the losing party fails to abide by the arbitrator's decision, or that either party refuses to submit to his jurisdiction". Defendant cites the following cases in support of its position that a *Boys Markets* injunction is not available to plaintiff under the terms of this particular collective bargaining agreement: Amstar v. Amalgamated Meat Cutters, 468 F.2d 1372 (5th Cir. 1972), Associated General Contractors v. Illinois Conference of Teamsters, 454

F.2d 1324 (7th Cir. 1972), Martin Hageland, Inc. v. U. S. District Court, 460 F.2d 789 (9th Cir. 1972).

I am of the opinion that the reasoning of the above cases is inapposite to the instant matter. In *Martin Hageland, supra,* the parties had agreed that the no-strike and arbitration clauses of the Master Agreement would not be binding on the parties, and each specifically reserved the right to take economic recourse as a prescribed grievance procedure. It was held, therefore, that a Court could not enjoin a strike under *Boys Markets.*

In the *Amstar* case it was held that the strike was not "over a grievance" which the parties were contractually bound to arbitrate, since the legality of the strike itself (member employees honoring another Union's picket line) was the alleged arbitrable issue. It was held, therefore, that no *Boys Markets* injunction could issue.

Finally, in the *Associated General Contractors* case the court found that the parties had not agreed to compulsory arbitration, and had expressly reserved the right to "economic recourse" in the event of a deadlock and if a majority of the Joint Committee did not vote for arbitration. Again, it was held under the circumstances that a *Boys Markets* injunction would not be appropriate.

█ In the instant case, however, there was clearly a compulsory arbitration process agreed to in the collective bargaining agreement. Economic recourse is justified *only* if one of the parties refuses to submit to arbitration or if the losing party fails to abide by the arbitrator's decision. The arbitration process remained the agreed upon grievance procedure, and only if one of the parties ignored that agreed procedure was it justified in taking economic recourse. To hold otherwise in these circumstances would be to permit a party to ignore the compulsory arbitration process and take economic recourse with impunity, thus defeating the agreed upon compulsory grievance procedure. In

such a situation, the *Boys Markets* decision was specifically designed to aid the compulsory arbitration process. Unlike the *Associated General Contractors* case, the parties here did not reserve the right to economic recourse in the event of deadlock in the grievance procedure but only reserved the right to economic recourse if the prescribed grievance procedure was ignored entirely by one of the parties. Such a reservation of rights does not negate an implied no-strike agreement arising out of the compulsory arbitration process. There is absolutely nothing in the agreement that would permit a party to take economic recourse while the arbitration process is running its course, as in the instant case.

It is true that if the arbitrator's award had been specific and complete and the employer as losing party simply failed to abide by the arbitrator's decision, the Union would have a right to strike under Article XIX(d) of the collective bargaining agreement which reads in pertinent part as follows:

"In the event that the losing party fails to abide by the arbitrator's decision or that either party refuses to submit to his jurisdiction, the other party shall have the right to immediately take all legal and economic recourse."

█ However, the employer cannot be required to comply with the terms of an arbitration award, when those terms are ambiguous and have not been finally resolved by the arbitrator and while this Court's judgment confirming the award is stayed pending appeal to the First Circuit. For the Union to demand immediate compliance with the arbitrator's award would not only be illogical but would be asking the employer to violate an order of this Court. Under such circumstances, the strike by defendant herein must be said to be in violation of the arbitration procedure of the collective bargaining agreement to the same extent as a strike occurring while arbitration is pending. This is

consonant with the *Boys Markets* decision:

"A District Court entertaining an action under § 301 may not grant injunctive relief against concerted activity unless and until it decides that the case is one in which an injunction would be appropiate despite the Norris-LaGuardia Act. When a strike is sought to be enjoined because it is over a grievance which both parties are contractually bound to arbitrate, the District Court may issue no injunctive order until it first holds that the contract does have that effect; and the employer should be ordered to arbitrate, as a condition of his obtaining an injunction against the strike. Beyond this, the District Court must, of course, consider whether issuance of an injunction would be warranted under ordinary principles of equity—whether breaches are occurring or will continue, or have been threatened and will be committed; whether they have caused or will cause irreparable injury to the employer; and whether the employer will suffer more from the denial of an injunction than will the union from its issuance."

398 U.S. at 254, 90 S.Ct. at 1594.

Plaintiff asserts in its memorandum to the Court, that it is entitled to a *Boys Markets* injunction on the basis of either of two theories. The first, that adopted by this Court, is that the Welcome Holbrook dispute is an arbitrable issue which is still in arbitration as discussed above. The second theory of the applicability of *Boys Markets* directly concerns the contractual language upon which defendant claims its right to strike. In other words, it is plaintiff's contention that the scope of Article XIX (d) of the collective bargaining agreement is itself an arbitrable issue separate and apart from the Welcome Holbrook dispute.

Since I find that a *Boys Markets* injunction is available to plaintiff, it is not necessary for this Court to make a determination at this point whether there exists an additional separate and independent issue subject to arbitration under the collective bargaining agreement. Indeed, there may be a question of whether the interpretation of the right to strike under Article XIX(d) could itself be an arbitrable issue under this collective bargaining agreement. In Amstar Corp. v. Amalgamated Meat Cutters, 468 F.2d 1372 (5th Cir. 1972) it was held that the question of the legality of the work stoppage itself, which would involve the interpretation of the 'no-strike' clause of the contract, was not an arbitrable issue for *Boys Markets* purposes, since to invoke *Boys Markets* the strike must be "over" an arbitrable grievance. *But see* Monongahela Power Co. v. Local No. 2332, 484 F.2d 1209 (4th Cir. 1973).

Since there is a sound theory under which the current strike may be enjoined pursuant to *Boys Markets*, I see no need to "muddy the waters" by entertaining an additional and more questionable theory. Of course, if the parties agree that the interpretation of the scope of Article XIX(d) is an issue which is properly referable to arbitration, such issue may be submitted to arbitration without the necessity of a Court determination of arbitrability.

I find that an injunction is proper, and it is hereby ordered that the defendant herein, its members, servants and agents, are preliminarily and permanently enjoined from engaging in a strike or picketing, or any other activity which interferes with the plaintiff's business insofar as such action pertains to the Welcome Holbrook dispute now pending in arbitration.