Garnet L. FULLER, Executrix of the Estate of James A. Fuller and Garnet L. Fuller, Plaintiffs-Appellants.

Helen Joyce Doane, now known as Helen Joyce Dulin, and Lee Doane, Defendants-Third Party Plaintiffs-Appellants,

v.

BRANCH COUNTY ROAD COMMISSION, Third Party Defendant-Appellee.

No. 75–1098.

United States Court of Appeals, Sixth Circuit.

July 23, 1975.

Edward A. VanGunten, VanGunten & Turin, William Jared Monroe, Sylvania, Ohio, Richard A. Enslen, Howard & Howard, Kalamazoo, Mich., for plaintiffs-appellants.

Lilly, Fitzgerald & Smith, Terrence J. Lilly, Kalamazoo, Mich., for defendant-appellee.

Before CELEBREZZE, McCREE, and LIVELY, Circuit Judges.

PER CURIAM.

On June 29, 1970, nearly three years after plaintiff was injured and her husband was killed in an automobile accident arising out of a collision with automobile driven by defendants, and just before the statute of limitations had run, she brought a diversity action against them in the district court for her own injuries and for the wrongful death of her husband. The Doanes impleaded the Branch County Road Commission as a third party defendant. They sought indemnification or contribution based on the claim that the accident was caused by the Commission's failure to prevent obstruction of traffic signs on its roads. The parties conceded that at the time when plaintiff brought her action against the Doanes she could not have sued the Commission because of a special statute of limitations applying to actions against governmental agencies.

The County Road Commission moved to dismiss the third party complaint on the ground that the Doanes had failed to give notice of the claimed defect within sixty days after the injury occurred as required by M.C.L.A. § 224.21, M.S.A. § 9.121.[1] The Doanes responded that the notice provision violated the equal protection provision of the Michigan Constitution. The district court rejected the constitutional challenge and dismissed the third party complaint against the Commission. No appeal was taken because this order was interlocutory.

Approximately four years after the complaint was filed, the plaintiffs and the Doanes settled the action and pursuant thereto the district court entered a consent judgment awarding $6,000 to the plaintiff for her own injuries and $10,000 for the wrongful death of her husband. The consent decree, entered on October 23, 1974, also contained the following provision:

It Is Further Ordered, Adjudged and Decreed, that the plaintiffs be and they are hereby awarded any and all claims any of the defendants have against the Branch County Road Commission, including, but not limited to, the right to prosecute an appeal from

1. . . . It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system. Actions arising thereunder shall be brought against the board of county road commissioners of the county and service shall be made upon the clerk and upon the chairman of the board made defendant therein, which shall be named in the process as the "board of county road commissioners of the county of . . ." and any judgment obtained thereon against such board of county road commissioners shall be audited and paid from the county road fund as are other claims against such board of county road commis-

sioners: Provided, however, That no board of county road commissioners, subject to any liability under this section, shall be liable for damages sustained by any person upon any county road, either to his person or property, by reason of any defective county road, bridge or culvert under the jurisdiction of the board of county road commissioners, unless such person shall serve or cause to be served within 60 days after such injury shall have occurred, a notice in writing upon the clerk and upon the chairman of the board of county road commissioners of such board, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injuries as far as the same has become known, the names of the witnesses to said accident, if any, and that the person receiving such injury intends to hold such county liable for such damages as may have been sustained by him. . . .

the prior dismissal by this Court of the third party complaint and all rights of contribution and indemnification.

Plaintiff then filed a notice of appeal from the order entered on June 10, 1971, dismissing the defendants' third party complaint against the Branch County Road Commission. On appeal, she contends as the Doanes did in the district court, that the statutory notice provision violates the Michigan Constitution. Before we reach that question, we consider whether plaintiff may properly bring this appeal. We hold that she may not.

The general rule is that only a party who is aggrieved by an order can appeal from it. *E. g., Lewis v. United States,* 216 U.S. 611, 30 S.Ct. 438, 54 L.Ed. 637 (1910). And, a person who is a party to a consent decree and who has been accorded the relief that he agreed to is not considered aggrieved. *E. g., Public Service Commission v. Brashear Freight Lines, Inc.,* 306 U.S. 204, 59 S.Ct. 480, 83 L.Ed. 806 (1939), *Pacific R.R. v. Ketchum,* 101 U.S. 289, 25 L.Ed. 932 (1889).

We see no reason to depart from these principles in the appeal before us. Plaintiff did not sue the Branch County Road Commission, and, at the time she filed her action against the Doanes, any action she might have had against the Commission was barred by the two-year statute of limitations. Moreover, at the time the third party action was dismissed, she had no legal interest in its disposition. She could not thereafter somehow create the legally sufficient interest as an aggrieved party necessary to take an appeal, by the simple expedient of taking an assignment from an aggrieved party of its right to appeal the dismissal of an action or the part of an action to which she was not in any real sense a party.[2] *E. g., Allegheny Airlines, Inc. v. Lemay,* 448 F.2d 1341 (7th Cir.), *cert. denied,* 404 U.S. 1001, 92 S.Ct. 565, 30 L.Ed.2d 553 (1971); *Cramp Ship-*

*building Co. v. United States,* 195 F.2d 848 (3d Cir. 1952).

The appeal is dismissed.

---

**2.** We observe that on February 23, 1975, appellant filed in the Michigan courts a complaint against the Branch County Road Commission based on claims identical to the claims urged on appeal to this court.