SEA–LAND SERVICE, INC., a New Jersey Corporation, and Harrington & Company, Inc., Plaintiffs-Appellees,

v.

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION OF NEW YORK, NEW YORK, et al., Defendants-Appellants.

No. 79–4028
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1980.

---

* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

Neil Flaxman, Coral Gables, Fla., Andre Mazzola Mardon, Thomas W. Gleason, Ernest L. Mathews, Jr., Gary Gabriel Nicolosi, New York City, for defendants-appellants.

Pepper, Hamilton & Shceetz, William J. Rodgers, Washington, D. C., for Sea-Land Service, Inc. and Harrington & Co., Inc.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The International Longshoremen's Association [ILA] struck appellees' facilities over a work assignment to competing unions. Claiming a breach of contract, appellees sought and obtained a preliminary injunction against the ILA strike pending arbitration of the dispute. *See Boys Markets, Inc. v. Retail Clerks Local 770,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). Arbitration thereupon was had, and the arbiters found in ILA's favor. Appellees then again took the offensive, suing anew to vacate the arbitral award, on various grounds, and filing unfair labor practice charges with the NLRB. 29 U.S.C.A. § 158(b)(4)(D) (West 1973). Meanwhile, in the original action, ILA moved that the district court "confirm" [1] its award. In re-

---

**1.** Both before the district court and on appeal, the parties have alternatively and inconsistently cited both the federal common law, *see Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), and the United States Arbitration Act, 9 U.S.C.A. §§ 1–13 (West 1970), *as sources of substantive rules governing this case.* Although we find

sponse, appellees requested that all proceedings be stayed pending NLRB resolution of its unfair labor practice charges.

On ILA's motion, the district court consolidated appellees' suit for vacatur with the original contract action. The court apparently rejected appellees' contentions that ILA's award should be vacated, since it granted ILA's motion to "confirm." Out of a supposed "duty . . . to avoid industrial strife," however, ILA did not oppose appellees' request for a stay of proceedings beyond "confirmation." Tr., vol. 4, at 55. Openly acknowledging that the pending NLRB proceedings[2] might supplant their award, see Carey v. Westinghouse Electric Corp., 375 U.S. 261, 271–72, 84 S.Ct. 401, 408–09, 11 L.Ed.2d 320 (1964), ILA repeatedly emphasized to the court that it "[was] not asking for judicial enforcement;" nor was it "asking that the injunction be dissolved." Tr., vol. 4, at 55. Rather, "confirmation" was "all [ILA] wanted," because the confirmed award would be persuasive in the pending and ultimately controlling NLRB proceedings. Tr., vol. 4, at 58. Accordingly, the district court stayed "all further proceedings" until the NLRB could rule on appellees' unfair labor practice charges, "continuing" its anti-strike injunction likewise.

Upon a week or so of reflection, ILA apparently reassessed its responsibility "to avoid industrial strife." Although again eschewing judicial enforcement of its arbitral award, ILA filed an original motion to vacate the anti-strike injunction, ostensibly to permit the immediate use of self-help remedies. ILA's motion was summarily denied; ILA appeals, 28 U.S.C.A. § 1291(a)(1) (West 1966), urging that (1) the district court lacked subject matter jurisdiction to continue the injunction; and that (2) in any

event, the continuation was unwarranted in equity.

In advance of the merits, we face a threshold problem of appellate jurisdiction. Appellees argue that ILA may not prosecute this appeal because the appealed order, "continuing" the anti-strike injunction, issued with ILA's consent. Insofar as ILA contests the equitable basis for that order, we agree with appellees. Before the district court, ILA deliberately took a "responsible" position:

Remember, we are not asking for enforcement; we are asking for confirmation. We are not asking that the injunction be dissolved. We are not asking that [the award] be enforced which conceivably could create problems. We don't want to create problems.

Tr., vol. 4, at 55. Not only did ILA not ask that the injunction be dissolved, but it actually directed the court to "[k]eep the injunction on." Tr., vol. 4, at 58. We fail to see, in consequence, how ILA can be considered aggrieved by the continuation order, sufficient to permit an appeal from it. See, e. g., Amstar Corp. v. Southern Pacific Transport Co., 607 F.2d 1100, 1100 (5th Cir. 1979) (per curiam); Burleson v. Coastal Recreation, Inc., 572 F.2d 509, 511 (5th Cir. 1978); Fuller v. Branch, 520 F.2d 307, 309 (6th Cir. 1975). This is not a case in which the motion to vacate rests on post-relief developments. The district courts do retain "continuing jurisdiction" to modify preliminary injunctions, see Canal Authority v. Callaway, 489 F.2d 567, 578 (5th Cir. 1974), the exercise of which is reviewable for abuse of discretion. Here, however, ILA's motion stems merely from a reconsideration of its litigation strategy, pointing to facts known by all at the time the continuation

that a definite choice is unnecessary to proper resolution of the issues raised, see note 4 and accompanying text infra, the parties' oversight renders the district court's "confirmation" order of uncertain legal effect. See note 5 infra.

**2.** Upon receipt of appellees' complaint, the NLRB instituted proceedings under 29 U.S.C.A.

§ 160(k) (West 1973). That section provides that "[w]henever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4)(D) of section 158(b) of this title, the Board is empowered and directed to hear and determine the dispute out of which such unfair labor practice shall have arisen . . . ."

order issued.[3] That motion, of itself, does not relieve ILA of the rule that a party may not "have the benefits of such portions of a judgment as are in his favor and appeal from those against him." *White & Yarborough v. Dailey*, 228 F.2d 836, 837 (5th Cir. 1955) (per curiam). We dismiss that portion of ILA's appeal challenging the equitable basis for the district court's order continuing the anti-strike injunction.

ILA's jurisdictional challenge, on the other hand, stands on a different footing. "The jurisdiction of the federal courts . . . is a grant of authority to them by Congress and thus beyond the scope of litigants to confer." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939). For this reason an alleged want of subject matter jurisdiction may be raised at any time, Fed. R.Civ.P. 12(h)(2), regardless of party consent or waiver. *See generally* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1350 (1969). We therefore must consider ILA's jurisdictional claim on its merits.

Section 4(a) of the Norris-LaGuardia Act, 29 U.S.C.A. § 104(a) (West 1973), deprives federal courts of jurisdiction "to issue any . . . temporary . . . injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute . . . from . . . [c]easing or refusing to perform any work." Despite its broad literal purport, however, this provision has not proved "an insuperable obstacle to specific enforcement" of collectively bargained no-strike commitments. *Buffalo Forge Co. v. United Steelworkers*, 428 U.S. 397, 422, 96 S.Ct. 3141, 3154, 49 L.Ed.2d 1022 (1976) (Stevens, J., dissenting). In *Boys Markets, Inc. v. Retail Clerks Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), the Court determined that "[t]he

literal terms of § 4 of the Norris-LaGuardia Act must be accommodated to the subsequently enacted provisions of § 301(a) of the Labor Management Relations Act and the purposes of arbitration." Id. at 250, 90 S.Ct. at 1592. Thus "to vindicate the arbitral process," *United States Steel Corp. v. United Mine Workers*, 519 F.2d 1236, 1243 (5th Cir. 1975), *cert. denied*, 428 U.S. 910, 96 S.Ct. 3221, 49 L.Ed.2d 1217 (1976), *Boys Markets* construed § 4 as permitting anti-strike injunctions when "(1) the strike [is] . . . in breach of a no-strike obligation under an effective collective agreement, (2) the strike [is] . . . . 'over' an arbitrable grievance, and (3) both parties [are] . . contractually bound to arbitrate the underlying grievance [that] caused the strike." *Amstar Corp. v. Amalgamated Meat Cutters*, 468 F.2d 1372, 1373 (5th Cir. 1972).

With the foregoing in mind, ILA concedes that the injunction against it was, under *Boys Markets*, valid when entered. ILA posits, however, that its contractual obligation to refrain from striking ceased immediately upon the issuance of the arbiters' decision; that the *Boys Markets* "exception" to Norris-LaGuardia automatically expired at that point. Appellees, on the other hand, urge that the arbitral process includes judicial enforcement. Inasmuch as ILA has never sought enforcement of its award, appellees contend, the district court retains the power to continue the injunction.

The question is when, for purposes of *Boys Markets*, the arbitral process ends such that an anti-strike injunction may no longer continue. Keeping in mind that we here speak only to the existence of federal jurisdiction, and not the propriety of its exercise, we agree with appellees that "[a] request for judicial enforcement may be

---

**3.** ILA argues that its intervening arbitral award has deprived the anti-strike injunction of equitable foundation because there no longer exists a substantial likelihood that appellees ultimately will prevail on the merits. *See Jacksonville Maritime Association, Inc. v. International Longshoremen's Association*, 571 F.2d 319, 322–23 (5th Cir. 1978). We would observe, in passing, that this argument confuses the "mer-

its" of a *Boys Markets* injunction with the "merits" of the resultant award. The injunction here is against an alleged breach of contract. It is the merit of that contract claim that determines whether the injunction ought to have issued. The arbitral award did not alter appellant's no-strike obligation, or make it any less likely that its strike was in violation thereof.

viewed as the final step in the arbitration process." *Anheuser-Busch, Inc. v. Local 133, International Brotherhood of Teamsters,* 477 F.Supp. 742, 747 (E.D.Mo.1979). So much clearly is assumed both under the United States Arbitration Act, 9 U.S.C.A. §§ 9–13 (West 1970); *see Local 336, American Federation of Musicians v. Bonatz,* 475 F.2d 433, 435 (3d Cir. 1973), and the federal common law. *See, e. g., General Drivers Local 89 v. Riss & Co.,* 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963) (per curiam) (federal courts have jurisdiction, 29 U.S.C.A. § 185(a) (West 1978), to enforce arbitral awards); *Santos v. District Council,* 547 F.2d 197, 201 (2d Cir. 1977) (same).[4] Although judicial "review" of labor arbitration is highly circumscribed, *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596–99, 80 S.Ct. 1358, 1360–62, 4 L.Ed.2d 1424 (1960), it is hardly, as ILA seems to contend, a meaningless part of the arbitral process. As we observed in *General Warehousemen Local 767 v. Standard Brands, Inc.,* 579 F.2d 1282, 1292 & n. 8 (5th Cir. 1978) (en banc), *cert. denied,* 441 U.S. 957, 99 S.Ct. 2420, 60 L.Ed.2d 1075 (1979), arbitral awards may be judicially vacated on such grounds as arbiter misconduct, "repugnancy" to superior law or public policy, lack of arbiter jurisdiction, and the like. These are non-trivial matters, which ought

not be preempted by self-help in advance of judicial enforcement.[5] We hold that, absent express agreement to the contrary, *cf. New York v. Local 244, Hotel, Nursing Home & Allied Health Services Union,* 410 F.Supp. 225, 230 (S.D.N.Y.1976) (arbiter's decision by contract had "effect of a judgment," entitling prevailing party "to entry of judgment in a court of competent jurisdiction"), a *Boys Markets* injunction may continue in force pending judicial enforcement of the subsidiary arbitral award. Since the parties' contract here does not expressly preclude normal judicial "review,"[6] we reject ILA's contention that the arbiters' decision, by itself, deprived ·the district court of subject matter jurisdiction to continue its anti-strike injunction.

■ But while agreeing with appellees that *Boys Markets* jurisdiction presently persists in respect of the dispute that produced this case, we agree with appellant that the district court's injunction purports to transcend that jurisdiction. That order continues, not pending judicial enforcement of ILA's award (which ILA never has sought), but pending a decision in ongoing NLRB proceedings under 29 U.S.C.A. § 160(k) (West 1973). This apparent invocation of NLRB primary jurisdiction, *cf. International Brotherhood of Boilermakers v. Hardeman,* 401 U.S. 233, 238, 91 S.Ct.

4. As in *General Warehousemen Local 767 v. Standard Brands, Inc.,* 579 F.2d 1282, 1294 n. 9 (5th Cir. 1978) (en banc), *cert. denied,* 441 U.S. 957, 99 S.Ct. 2420, 60 L.Ed.2d 1075 (1979), we need not decide, for purposes of this case, whether the United States Arbitration Act, 9 U.S.C.A. §§ 1–13 (West 1970), or the federal common law determines the rights and obligations of parties to collective bargaining agreements. *Cf. Lincoln Mills v. Textile Workers Union,* 230 F.2d 81 (5th Cir. 1956), *rev'd,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

5. The district court's "confirmation" of appellant's arbitral award is of unclear legal effect. According to appellant's counsel, it was to signify that "the award was regular as issued by the [arbiters]." Tr., vol. 4, at 58. This would seem to be a narrower concept than that embodied in the United States Arbitration Act, 9 U.S.C.A. § 9 (West 1970), which subsumes many of the grounds for vacatur that we outlined in *Standard Brands. See* 9 U.S.C.A. §§ 10–11 (West 1970). Even assuming, however, that the district court meant by its "con-

firmation" to render a decision under that Act, enforcement would not automatically follow. *See Hellman v. Program Printing, Inc.,* 400 F.Supp. 915 (S.D.N.Y.1975). *Cf. Local 453, Electrical Workers v. Otis Elevator Co.,* 314 F.2d 25, 29 (2d Cir.), *cert. denied,* 373 U.S. 949, 83 S.Ct. 1680 (1963) (recognizing "public policy" defense to enforcement of arbitral awards, dehors the specific grounds for denying confirmation under the USA).

6. The parties' contract, in pertinent part, reads as follows:

[The arbiter] shall be empowered to render any decision he may deam [sic] appropriate on any matter before him which decision shall be final binding on both parties. Such decision must be issued within thirty (30) days after the completion of each arbitration proceeding unless both parties agree in writing to an extension of such time.

R. 86. The contract contains no mention of remedies.

609, 613, 28 L.Ed.2d 10 (1971), quoting *Local 189, Amalgamated Meat Cutters v. Jewel Tea Co.*, 381 U.S. 676, 85 S.Ct. 1596, 14 L.Ed.2d 640 (1965) (opinion of White, J.), was improper.

 *Boys Markets*, on whose sole authority the district court acted, appertains only to contractual—not statutory—duties. To the extent that appellant's strike violated 29 U.S.C.A. § 158(b)(4)(D) (West 1973), thus triggering 29 U.S.C.A. § 160(k) (West 1973), it was enjoinable only at the suit of the NLRB. 29 U.S.C.A. § 160(*l*) (West 1973). *See Bakery Sales Drivers Local 33 v. Wagshal*, 333 U.S. 437, 442, 68 S.Ct. 630, 632, 92 L.Ed. 792 (1948). Furthermore, the existence of such concurrent NLRB jurisdiction is quite plainly extraneous to the arbitral process. It frequently happens that an alleged contractual default will also constitute an unfair labor practice; yet notwithstanding NLRB jurisdiction over the latter, the parties may nevertheless be enjoined to arbitrate the dispute, *see William E. Arnold Co. v. Carpenters District Council*, 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974); *Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), despite the "possibility of conflict" between the ensuing award and any subsequent NLRB determination. *Carey v. Westinghouse Electric Corp.*, 375 U.S. 261, 272, 84 S.Ct. 401, 409, 11 L.Ed.2d 320 (1964). To say, in such cases, that *enforcement* of arbitral awards must await the outcome of related NLRB proceedings would be to render those awards largely nugatory. So to continue an anti-strike injunction would turn *Boys Markets* on its head.

 The *Boys Markets* "exception" to Norris-LaGuardia is "limited by the contours of the agreement between the par-

ties." *Buffalo Forge Co. v. United Steelworkers*, 428 U.S. 397, 425, 96 S.Ct. 3141, 3156, 49 L.Ed.2d 1022 (Stevens, J., dissenting). When operating within that "exception," a district court's equitable power may be exercised only to enforce contractual obligations. The district court here did more, enjoining a strike on account of statutory proceedings wholly dehors the parties' collective agreement. This went too far. Assuming that a *Boys Markets* injunction is otherwise warranted in equity, it may only extend through judicial enforcement of the subsidiary arbitral award, regardless of any parallel NLRB proceedings.[7] On remand, the district court shall modify its injunction accordingly.

DISMISSED and REMANDED.

---

**7.** While this appeal was pending, the NLRB rejected ILA's claim to the disputed work. *International Longshoremen's Association*, 249 N.L.R.B. No. 69 (May 20, 1980). *See* note 2 *supra.* That decision apparently will defeat, roughly in the manner of a prior foreign judgment, any suit for enforcement of ILA's contrary arbitral award. *See Carey v. Westinghouse Electric Corp.*, 375 U.S. 261, 271–72, 84 S.Ct. 401, 408–09, 11 L.Ed.2d 320 (1964). As

an affirmative defense, however, the NLRB's decision does not render the instant case moot; nor, indeed, are the parties' ultimate rights and obligations in issue. Our holding concerns the narrow question of subject matter jurisdiction, in light of *Boys Markets*, to enjoin labor strikes. The NLRB's decision, at most, will affect the exercise of that jurisdiction when, if ever, it is pleaded in bar of enforcement of ILA's arbitral award.