KING COAL COMPANY, INC., Plaintiff,

v.

UNITED MINE WORKERS OF AMERI-CA; District 20, United Mine Workers of America, Local 1865, United Mine Workers of America; Earl Brown; William Starnes; Danny Henderson; Ron Smith; Dennis Myers; A. C. Williams; Dean Martin; Kenneth Peed; Jerry Williams; Frankie Sherer, Defendants.

Civ. A. No. 81–C–1152–S.

United States District Court,
N. D. Alabama, S. D.

Jan. 8, 1982.

**518**

Terry M. Brooks, Constangy, Brooks & Smith, Nashville, Tenn., Chris Mitchell, Carol Sue Nelson, Constangy, Brooks & Smith, Birmingham, Ala., Charles A. Edwards, Atlanta, Ga., for plaintiff.

Earl V. Brown, Jr., Birmingham, Ala., for defendants.

## MEMORANDUM OF DECISION DENYING ENFORCEMENT OF ARBITRAL AWARD AND DISSOLVING PRELIMINARY INJUNCTION

CLEMON, District Judge.

On August 26, 1981 this Court issued a "Boys Markets" preliminary injunction,[1] enjoining a strike by defendants and requiring the parties to submit to binding arbitration the issue of whether the job of laboratory technician-preparation man ("preparation man") is included in the bargaining unit.[2]

Upon submission of the dispute to arbitration, Arbitrator Jack Clark again upheld the grievance. On November 20, 1981, Arbitrator Clark rendered an award in favor of the union—to the effect that the first arbitration award was final and binding on the parties.

In the meanwhile, King Coal Company ("the Company") had filed a unit clarification petition with the National Labor Relations Board ("NLRB"), seeking a clarification of whether the preparation man is included in or excluded from the bargaining unit. On October 16, 1981, the NLRB held that

> ... in view of the historical exclusion of the "preparation man" from the unit since 1976 as part of the specifically excluded "technical forces", the employee classified as preparation man is excluded from the unit."

The respective decisions of the arbitrator and the NLRB are diametrically opposite to each other; and, obviously, both cannot stand. The defendants have, by counterclaim, moved the Court to either enforce the Clark arbitration award or alternatively dissolve the preliminary injunction; plaintiff, on the other hand, has moved for summary judgment that the arbitration award is unenforceable, in view of the supervening decision of the NLRB. The Court concludes that the motions of both the plaintiff and the defendants (on the alternative motion) are due to be granted.

### DISCUSSION

█ As the company points out, NLRB decisions override contrary arbitral awards in unit clarification cases under the "supremacy doctrine." *Carey v. Westinghouse*

---

1. *Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).

2. During the effective period of the 1978–81 collective bargaining agreement between King Coal Company and the United Mine Workers, a dispute arose over whether laboratory technician-preparation man was a job classification included in the bargaining unit. The matter was pressed to arbitration; and arbitrator George Eyraud sustained the grievance on behalf of the union. The arbitrator's award was appealed by the Company to a contractually-established Arbitration Review Board. The review board stayed the award pending resolution of the appeal. The appeal had not been disposed of as of the date of the expiration of the 1978–81 contract and the execution of the 1981–84 agreement.

   The dispute again surfaced under the new agreement; and the Court enjoined the strike arising out of this dispute.

*Electric Corp.,* 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964); *General Warehousemen & Helpers v. Standard Brands,* 579 F.2d 1282, 1292 (5th Cir. 1978); *NLRB v. Columbus Printing Pressmen & Assistants,* 543 F.2d 1161 (5th Cir. 1976); *Boire v. International Bro. of Teamsters,* 479 F.2d 778, 801–02 (5th Cir. 1973).

The most recent expression of the law in our circuit is found in *Sea-Land Service v. International Longshoremen's Assn.,* 625 F.2d 38 (5th Cir. 1980), in which it was held that a conflicting NLRB decision"... will defeat... any suit for enforcement of the... contrary arbitral award." *Id.,* at 43, n. 7.

It is clear that the Clark arbitration award in the instant case is unenforceable, as the transcendent determination of the NLRB dictates a contrary result. The union's motion for enforcement of the award is accordingly due to be denied; and the Company's motion for summary judgment in its favor on this issue is due to be granted.

■ Ironically, the same consideration which renders unenforceable the arbitral award (i.e., the primary jurisdiction of the NLRB in unit clarification disputes) also deprives this Court of jurisdiction to continue in effect the *Boys Markets* injunction. For the assertion of NLRB jurisdiction, and the NLRB decision herein transformed the unit clarification dispute from one over which both parties were contractually obligated to arbitrate into one to be resolved exclusively by a federal agency.

As a general proposition, the Norris-LaGuardia Act, 29 U.S.C. § 104(a), deprives federal courts of jurisdiction to issue any injunction in cases involving labor disputes. *Boys Markets* injunctions constitute a "narrow" exception to this general rule, based on the rationale that "a remedial device that merely enforces the obligation that the union freely undertook under a specifically enforceable agreement to submit disputes to arbitration" merely advances "the central purpose of the Norris-LaGuardia Act to foster the growth and viability of labor organizations..." *Boys Markets, supra,* 398 U.S. 252, 253, 90 S.Ct. 1593, 1594. The *sine qua non* of the issuance of a *Boys Markets* injunction is a finding by the district court that the strike sought to be enjoined is over a grievance which both parties are contractually bound to arbitrate. *Id.,* at 254, 90 S.Ct. at 1594. As the Fifth Circuit has recently observed:

> *Boys Markets,* on whose sole authority the district court [acts], appertains only to contractual—not statutory—duties. * * *
>
> The *Boys Markets* "exception" to Norris-LaGuardia is "limited by the contours of the agreement between the parties." *Buffalo Forge Co. v. United Steelworkers,* 428 U.S. 397, 425, 96 S.Ct. 3141, 3156, 49 L.Ed.2d 1022 (Stevens, J., dissenting). When operating within that "exception", a district court's equitable power may be exercised only to enforce contractual obligations."

*Sea-Land Service, supra,* at 43.

Here, since the dispute is no longer a contractual one, the *Boys Markets* exception to Norris-LaGuardia's general proscription against federal court injunctions in labor disputes does not come into play. Hence, the preliminary injunction, issued at a time when the dispute was contractual, must now be dissolved;[3] and a separate order embodying this conclusion shall issue.

---

3. "Assuming that a *Boys Markets* injunction is otherwise warranted in equity, it may only extend through judicial enforcement of the subsidiary arbitral award..." *Id.* In the case at bar, the Court was deprived of jurisdiction to continue in effect the preliminary injunction at the time when the NLRB determined that the preparation man was excluded from the bargaining unit.