In the Matter of the Application to Confirm an Arbitration Award under Article 75, CPLR by:

**LOCAL 32B–32J, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, Petitioner,**

v.

**BRADLEY CLEANING CONTRACTORS, INC., Respondent.**

**No. 82 CIV 4003 (LBS).**

United States District Court, S.D. New York.

April 20, 1984.

Shea & Gould, New York City, for petitioner; Peter Stergios, New York City, of counsel.

Dretzin & Kauff, P.C., New York City, for respondent; Richard N. Goldstein, New York City, of counsel.

## OPINION

SAND, District Judge.

Petitioner, Local 32B–32J, Service Employees International Union, AFL–CIO ("Union"), seeks to confirm an arbitration award, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. Respondent, Bradley Cleaning Contractors, Inc. ("Bradley") seeks to vacate or remand the award or to stay enforcement of the award pending the resolution of matters currently before the NLRB. For the following reasons, we confirm the Arbitrator's award, but stay its enforcement ten (10) days to provide Bradley an opportunity to post sufficient collateral to secure payment of the award. If the Court is satisfied with the collateral arrangement, enforcement of the award will be stayed pending the NLRB's determination.

Recognizing the broad mandate of the NLRB with respect to the composition of bargaining units, the Court and litigants have sought the Board's input in these proceedings. The Board currently has *sub judice* a unit clarification petition brought on by Bradley in December, 1982. Hearings on these issues consumed 19 days and concluded in May, 1983. Post-hearing briefs were filed on June 27, 1983. Bradley strenuously argues that the Union's application to this Court should be stayed because

"(1) the Board's decision on the appropriate bargaining unit necessarily will be determinative of the contract's scope as decided by Arbitrator Glinsman, and (2) the Board's decision will clearly take precedence over the arbitrator's ruling."

*See generally King Coal Company, Inc. v. United Mine Workers,* 530 F.Supp. 517 (N.D.Ala.1982). Counsel for the Union represented at oral argument that Bradley had petitioned the Board *ex parte* to intervene in these proceedings. This request was declined. *See* letter of Aileen Armstrong, Assistant General Counsel, NLRB (March 20, 1984) (confirming that "the Board would not be taking any position with respect to this matter"). The Court, after oral argument, also invited "an expression by the Board, if it wishes to do so, with respect to the following matters:

"1. Whether in the particular circumstances of this case, the Board has any view concerning the necessity or appropriateness of a stay pending the Board's determination in the unit clarification matter;

2. Whether the Board has any view concerning the Union's position that the Board's determination of the unit clarification issue would have prospective impact but would not be determinative of the issues decided by arbitrator Glinsman;

3. Any available information as to when the Board's determination might be forthcoming."

We further stated,

"Unless we are advised to the contrary on or before April 15th, we will proceed on the assumption that the Board does not wish to take any position with respect to this matter."

*See* Letter to Regional Director (March 16, 1984).

Under these circumstances, we no longer believe it appropriate to exercise our discretion to stay decision pending resolution of the unit clarification matter. We note that in instances where district courts have stayed decision, the NLRB has often appeared as intervenor. *See International Brotherhood of Boilermakers v. Combustion Engineering, Inc.,* 337 F.Supp. 1349 (D.Conn.1971); *see also Central Motor Express, Inc. v. General Drivers,* 407 F.Supp. 1217, 1222 (W.D.Ky.1975). This is patently not the case here. While we agree with

Bradley that "deference to the Board's primary jurisdiction should be exercised by the Court," Reply Memorandum of Law, p. 4, we do not believe we should be deferential to the point of jeopardizing the Union's ability ever to collect on a judgment. We appreciate Bradley's precarious financial situation and its claim that the Arbitrator's award may force it into bankruptcy but we are no less aware of the hardships the Union might suffer were we to continue to reserve decision. We thus believe the time is ripe to address the merits of the challenge to the Arbitrator's award.

An Arbitrator's "award is legitimate only so long as it draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). The arbitration proceeding must have been fair, and the results "not repugnant" to the National Labor Relations Act. *See Carey v. Westinghouse Electric Corp.*, 375 U.S. 261, 271, 84 S.Ct. 401, 409, 11 L.Ed.2d 320 (1964).

Bradley seeks no less than a review of the merits of the Arbitrator's award, contrary to "[t]he federal policy of settling labor disputes by arbitration." *United Steelworkers*, 363 U.S. at 596, 80 S.Ct. at 1360. Principally, it disputes (1) the award of damages for a period prior to the effective date of the 1981 Service Employees Association Agreement, and (2) the inclusion in the award of pension and welfare fund contributions. Respondent's Reply Memorandum of Law, p. 5.

Given the extremely limited scope of review in labor arbitration matters, we find these contentions meritless. Bradley was plainly on notice that the Union did not limit its claims to the 1981 Agreement. The clause at issue, concerning liability for *alter ego* companies, was contained in previous agreements, and, as the Union made clear in its pre-arbitration hearing memorandum of law, its damages claim extended beyond the 1981 Agreement. Thus, the 1981 agreement was neither the sole agreement before the Arbitrator nor the sole basis for his award. Even assuming that one can fairly dispute the rationale for his holding, it is beyond cavil that he did not

"disregard" the law. *See Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir.1972).

Bradley's challenge to the Arbitrator's award of monies to pension and welfare funds proceeds on the false premise that the Arbitrator had no authority to order payments to entities other than the "employees" in the "Union." Contrary to the implications of Bradley's arguments, the Arbitrator clearly had authority to compel Bradley to pay the full cost of its breach, including delinquent fund contributions. Indeed, the 1978 and 1981 Agreements empower the Arbitrator to "grant any remedy required to correct a violation." Article VII of Agreements (cited in Petitioner's Reply Brief, page 11). Moreover, we seriously question Bradley's assertion that the fund awards "would largely be an unjust enrichment to the funds, not of benefit to the employees involved." Memorandum in Opposition, page 28. Certainly, compelling the payment of delinquent fund contributions is no more unjust than permitting the employer to retain these monies. In sum, we agree with the Arbitrator that the award "is a make-whole remedy and draws its substance from the contract." Opinion and Award, page 5 (Jan. 19, 1984).

Bradley levels a series of other challenges to the Arbitrator's award, none of which furnishes a basis for overturning the award. While the facts lend themselves to different damages calculations, the figure the Arbitrator reached is neither arbitrary or punitive. There is also no support for a claim of bias or partiality.

For the foregoing reasons, we grant petitioner's motion to confirm the Arbitrator's award and deny respondent's cross-motion. Bradley has not challenged the Union's claim that the prevailing party in this litigation is entitled "to all expenses for counsel fees and court costs" under the Agreements. We direct Bradley to reimburse these expenses. We stay enforcement of the remainder of this decision ten (10) days to permit Bradley an opportunity to

present a satisfactory collateral arrangement to the Court.

SO ORDERED.