PER CURIAM.
Dade County appeals the entry of an Order Granting Plaintiff's Motion for Temporary Restraint.
The Dade County Airport Region Taxicab Service (“ARTS”) Program, the subject of this action, was created by resolution in 1983, by the Dade County Commission, and is administered by the Passenger Transportation Regulatory Division, Consumer Services Department of Dade County. Through the ARTS Program, twenty five (25) for-hire license holders will be selected by lottery and issued permits to provide transportation to and from certain zones within Miami International Airport. The permits are to be awarded by an annual random drawing. The first twenty five (25) drawn will receive permits, and the remaining will be designated as backup. The licensees who are selected enter into a franchise type relationship with Dade County, lasting for a period of one year.
This year, pursuant to the general terms and conditions of the ARTS Program as promulgated by the Consumer Services Department, all applications, together with a non-refundable fee of twenty five dollars ($25.00), had to be received by the County no later than July 15, 1990, which was a Sunday, a day that the Consumer Services Department, where the forms were to be received was closed for business. A Consumer Services employee was informed at home, on the evening of July 13, 1990, that the deadline date fell on a Sunday. Thereafter, a decision was made to extend the deadline to Monday, July 16, 1990, and all potential applicants, including appellee, Ei-senberg, were notified by phone on July 14, 15, and 16, 1990.
As of July 13, 1990, the last business day prior to the deadline, twenty (20) applications, including nine by the appellee, had been filed for participation in the program. Appellee, Eisenberg, had previously operated nine (9) for-hire licenses under the ARTS Program. On Monday, July 16, 1990, after the Consumer Services Department had extended the deadline, fifty-six (56) additional applications were received. On July 30, 1990, Eisenberg filed a Complaint for In-junctive Relief and a Motion for Temporary Restraint, seeking to enjoin the ARTS Program from holding its lottery to award twenty-five (25) permits from a pool of seventy-six (76) applications. After an evi-dentiary hearing, the trial court entered an order granting Eisenberg’s Motion for Temporary Restraint, and held that Eisen-berg should be awarded the nine (9) ARTS permits for which he had applied and the remaining sixty-seven (67) applicants were to participate in the lottery for the remaining sixteen (16) ARTS permits. On August 2, 1990, the day the injunction was granted, Dade County canceled the lottery, which was scheduled for the following day, until such time that the issues before this court were settled by appeal or otherwise. Dade County appealed the order granting Eisen-berg’s Motion for Temporary Restraint.
There is nothing in the record that shows that when the return date for applications falls on a Sunday, the return date automatically goes over to the next business day, and there is nothing in the record to show that any one administering the ARTS program had the right to extend the date for receiving applications. We therefore affirm the entry of the temporary injunction recognizing that after the final hearing it might be altered as a result of evidence that may be produced. See and compare State v. Smith, 160 So.2d 518 (Fla.1964); Newsom v. State, 54 So.2d 58 (Fla.1951); *1023 Sea-Land, Service, Inc. v. International Longshoremen’s Association of New York, New York, 625 F.2d 38 (5th Cir.1980); Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974).[1]
Affirmed.
BARKDULL and LEVY, JJ„ concur.

. It would also appear that upon proper application the other eleven applicants that had submitted their applications as of July 13, 1990, should be accorded the same rights as the appel-lee Eisenberg.